1  STANLEY GOFF (Bar No. 289564)
   LAW OFFICE OF STANLEY GOFF
2  15 Boardman Place Suite 2
   San Francisco, CA 94103
3  Telephone: (415) 571-9570
   Email: scraiggoff@aol.com
4
   Attorney for Plaintiff
5
                    UNITED STATES DISTRICT COURT
6
                    EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CECILIA CHAVEZ;** | CASE NO.: |
|      **Plaintiff,** | **COMPLAINT FOR DAMAGES** |
| | 1. Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (*Excessive Force*) |
| | 2. Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (*False Arrest*) |
| **v.** | 3. Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (*Unlawful Entry and Search*) |
| | 4. Violation of Fourteenth Amendment Rights 42 U.S.C §1983 (*Unlawful Detention*) |
| **CITY OF PORTERVILLE, PORTERVILLE POLICE OFFICERS MARTINEZ AND LARA AND DOES 1-25.** | STATE CLAIMS |
| | 5. Battery |
| | 6. False Imprisonment |
| | 7. Bane Act Violation |
| | 8. Negligence |
|      **Defendants.** | **DEMAND FOR JURY TRIAL** |

1

Plaintiff, demanding a jury trial, brings this action against Defendants City of Porterville, Porterville police officers Martinez and Lara and DOES 1-25, inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and as grounds therefore allege as follows:

## **PARTIES**

1.  Plaintiff Cecilia Chavez, was at all times relevant to this complaint, living in the City of Porterville, which is located within the Eastern District of California.

2.  Defendant City of Porterville is a legal entity established under the laws of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California and it is a municipality located within the Eastern District of California.

3.  Defendant Porterville Police Officer Martinez was employed by the City of Porterville at the time of the incident. This individual is being sued in his individual capacity.

4.  Defendant Porterville Police Officer Lara was employed by the City of Porterville at the time of the incident. This individual is being sued in his individual capacity.

5.  Defendant DOES 1-25 were employed by the City of Porterville at the time of the incident. These individuals are being sued in their individual capacities and they will be identified and named in the complaint once their identities have been ascertained by the Plaintiff.

6.  ___**All defendants**___ acted under the color of law as it pertains to this complaint.

2

## II. JURISDICTION AND VENUE

7.   This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Fourth and Fourteenth Amendments to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over plaintiffs' claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a). This Court has further jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367 as those claims form part of the same case and controversy under Article III of the United States Constitution.

8.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in the City of Porterville which is in the Eastern District.

## III. STATEMENT OF FACTS

9.   On the morning of January 27, 2022, the Plaintiff was getting her children ready for school. She heard a commotion going on outside so Plaintiff started peeking out the windows.

10. Plaintiff observed Porterville police officers outside and wondered what was going on since her cousin, who has mental health problems, came knocking on her door around 5:30 a.m. that morning.

11. The Plaintiff thought that she heard her name being called and her door handle being jiggled or manipulated, so she went to check the door, and observed a police officer walking past her house and then saw this same officer walking on the side of her house.

12. The Plaintiff became worried because she didn't know what was happening but getting her kids ready for school. About 6:30 a.m., the police were knocking on the Plaintiff's door.

13. The Plaintiff answered the door and could hear a police K-9 dog snarling and growling. DOE officer asked the Plaintiff if she knew Steven Manuel (Plaintiff's cousin) and Plaintiff answered that she did.

3

14. The DOE officer then asked the Plaintiff if Steven Manuel was inside her house, and she informed the officer that her cousin was not inside her house. The DOE officer then asked if he could come in and search the Plaintiff's home, she said no.

15. The officer informed Plaintiff that her cousin was wanted for a felony and if she was hiding him inside, the Plaintiff would be going to jail and that her children would be going to CPS. The Plaintiff's response was well he's not here and she shut the door.

16. The officer was yelling that the Plaintiff was going to go to jail and her five-year old and four-year old were getting very upset. Plaintiff was trying to calm them down.

17. The Plaintiff began to get her younger children dressed to take them to school. The Plaintiff's son's shoes were outside on her patio, so she went to get them.

18. The Plaintiff got to the back door with her nine month-old daughter in her arms. She opened the back door and grabbed the shoes without leaving the inside of her house and started closing the door when she saw Sergeant Martinez running towards her.

19. Plaintiff attempted to close her back door and before she could get the door closed, Sergeant Martinez without a warrant or the Plaintiff's consent, pushed the door open and stuck his foot in the doorway.

20. The Plaintiff informed Sergeant Martinez, to move his foot out of her doorway, and that he was not allowed in her house. Martinez yelled to the other officers that the back door was open and to come around to the back of Plaintiff's house.

21. While Martinez was attempting to completely push the door open, the Plaintiff's shoes got stuck under the door. Martinez continued to push and knocked Plaintiff over with her baby in her arms. While the Plaintiff was on the ground, Martinez opened the door, came in the Plaintiff's house, grabbed her by her feet with her infant in her arms, and dragged Plaintiff fifteen feet across a concrete patio onto a woodchip area, severely injuring her back.

4

22. After dragging the Plaintiff fifteen feet, Martinez yelled "get the baby, get the baby" and the Plaintiff's baby was lifted out of her arms. Martinez put handcuffs on the Plaintiff's wrists extremely tight, causing the Plaintiff unspeakable pain, and she was placed in a patrol car and forced to sit for one hour with these tight-fitting handcuffs.

23. When the Plaintiff got to the police station, her hands were throbbing. Plaintiff's right hand was purple. The Plaintiff could see the indent marks of the hand cuffs and the cuffs cut her wrists. The Plaintiff's hand was swollen for three days while she was in jail and her wrists remained in pain for two weeks after the incident.

24. While the Plaintiff was outside her house handcuffed, the officers went into her house to search for her cousin and her children came out to sit with her and were crying.

25. Sergeant Martinez told the Plaintiff in front of her children that she was going to jail which was upsetting her children more. The Plaintiff tried to calm her children down.

26. While sitting on the ground handcuffed, the Plaintiff's cousin (who the officers were looking for) could be seen in the front of her house in the middle of the street and at that point she told Sergeant Martinez "I told you he wasn't in my house."

27. The Plaintiff's brother, who lives a couple doors down from her he came over and tried talking to the police officers. Plaintiff's brother then called her sister who ended up taking her children. The Plaintiff was told that she was being arrested for resisting/ obstruction of an investigation and child endangerment.

28. The Plaintiff sat at the South County jail for eight hours before her fingerprints were taken. During the intake process when Plaintiff first arrived, she seen a nurse and told the nurse about that her back had been severely injured from being dragged across a concrete patio.

29.  Due to her injuries to her back, the Plaintiff was not able to sit up or put any pressure on her back for days.

30. The Plaintiff was kept throughout the weekend she wasn't released until the following Monday when she was told there was no case filed.

31. It is alleged based on knowledge and good faith belief that the Defendants had no evidence or reasonable suspicion that Steven Manuel was inside the Plaintiff's residence at the time they entered her residence without a warrant or consent.

32. It is alleged based on knowledge and good faith belief that the Defendants did not observe any conditions inside the Plaintiff's residence suggesting that a fight had occurred, or someone was in need of assistance or that any exigent circumstances existed at the time they arrived at the Plaintiff's residence and entered her residence without a warrant or her consent.

33. It is alleged based on knowledge and good faith belief that the Defendants' initial interaction with the Plaintiff could not have been anything more than a "knock and talk" casual encounter in which the Plaintiff was within her constitutional right to discontinue and go about her business any time she chose to do so.

## IV. CAUSES OF ACTION

### FIRST CLAIM
**(Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (*Excessive Force*)**

34. Plaintiff incorporates herein by reference the preceding paragraphs 1-33 of this complaint as fully set forth herein.

35. That Defendant Martinez, acting under color of law and with Defendant Lara and DOES 1-50, as ***integral participants***, used unreasonable and excessive force by deliberately and intentionally (1) pushing the Plaintiff's back door open and knocking Plaintiff over with her baby in her arms. (2) grabbing Plaintiff by her feet with her infant in her arms and dragging Plaintiff fifteen feet across a concrete patio onto a woodchip area, severely injuring her back (3) putting

extremely tight handcuffs on the Plaintiff's wrists, causing the Plaintiff unspeakable pain, and placing her in a patrol car for an hour with these tight-fitting handcuffs, causing her hands to throb, turn purple, become swollen and remain in pain for two weeks after the incident.

36. That at the time that these methods of force were used, (i) Plaintiff had not committed any crime; (ii) Plaintiff was unarmed; (iii) Plaintiff did not pose any threat to defendant officers or bystanders; and (iv) other alternative methods were available to effectuate a seizure.

37. Such actions were in conscious and reckless disregard of the risk of injury and under the circumstances, there was no objectively reasonable basis for the Defendants' actions.

38. As a direct result of the Defendants' actions and inactions, Plaintiff's constitutional rights were violated, resulting in Plaintiff's injuries.

39. The conduct of Defendants as alleged, was intended to cause injury to Plaintiff and was done in conscious disregard of Plaintiff's rights and safety and thus constitutes malice. In addition, by their conduct, Defendants subjected Plaintiff to cruel and unjust hardship in conscious disregard of his civil rights, thus constituting oppression.

40. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

*Failure to Intervene/ Defendant Lara and DOES 1-50*

41. Defendant Lara and DOES 1-50 failed to intervene or even attempt to intervene and stop Defendant Martinez from applying these methods of force to the Plaintiff, causing her to suffer pain and injury.

42. Defendants specifically observed the Plaintiff suffering these forms of excessive force.

7

43. That this incident of excessive force took place within a specified period of time and not in a few seconds or so quickly as to have not afforded Defendants an opportunity to intervene.

44. That this opportunity to intervene was realistic.

45. The conduct of the Defendant as alleged, was done in conscious disregard of Plaintiff's rights and safety and thus constitutes malice.

46. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiff is entitled to recover punitive damages from these Defendants in an amount according to proof.

**SECOND CLAIM**

(**Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (*False Arrest*)**

47. Plaintiff incorporates herein by reference the preceding paragraphs 1-46 of this complaint as fully set forth herein.

48. That Defendants Martinez, acting under color of law and with Lara and DOES 1-50 acting as integral participants, unlawfully seized the Plaintiff in violation of the Fourth Amendment by deliberately and intentionally placing the Plaintiff under arrest.

49. That Plaintiff was arrested when she was grabbed and dragged by Defendant Martinez ***inside*** her home and was not free to leave and then subsequently placed in tight fitting handcuffs.

50. Plaintiff had not committed any crime;

51. No probable caused existed that the Plaintiff had committed any crime.

52. Defendants did not have an arrest warrant to arrest the Plaintiff ***inside*** her home.

53. Such actions were in conscious and reckless disregard of the risk of injury and under the circumstances, there was no objectively reasonable basis for the defendants' actions.

54. As a direct result of the Defendants' actions and inactions, Plaintiff's constitutional rights

8

were violated, resulting in Plaintiff's injuries.

55. The conduct of Defendants as alleged, was intended to cause injury to Plaintiff and was done in conscious disregard of Plaintiff's rights and safety and thus constitutes malice.

56. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

***Failure to Intervene/ Defendant Lara and DOES 1-50***

57. Defendant DOES 1-50 failed to intervene or even attempt to intervene and stop Defendant Martinez from falsely or unlawfully arresting the Plaintiff, causing her to suffer pain and injury.

58. Defendants specifically observed the Plaintiff being falsely or unlawfully arrested.

59. That this incident of false or unlawful arrest took place within a specified period of time and not in a few seconds or so quickly as to have not afforded Defendants an opportunity to intervene.

60. That this opportunity to intervene was realistic.

61. The conduct of the Defendant as alleged, was done in conscious disregard of Plaintiff's rights and safety and thus constitutes malice.

62. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiff is entitled to recover punitive damages from these Defendants in an amount according to proof.

**THIRD CLAIM**

(**Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (***Unlawful Entry***)**

63. Plaintiff incorporates herein by reference the preceding paragraphs 1-62 of this complaint as fully set forth herein.

64. That Defendants acting under color of law, knowingly violated the Fourth Amendment by deliberately and intentionally performing a warrantless non-consensual entry into the Plaintiff's residence.

65. That Defendants intentionally conducted a warrantless entry of the Plaintiff's home and illegally seized the Plaintiff out of her home without a warrant or her consent.

66. That the warrantless entry conducted by the Defendants did not fall under any of the warrantless exceptions to the Fourth Amendment.

67. That no exigent circumstances existed to authorize the Defendants' warrantless entry inside the Plaintiff's home.

68. That there was no ***medical aid or necessity*** circumstances that existed to authorize the Defendants' warrantless entry inside the Plaintiff's home.

69. Such actions were in conscious and reckless disregard of the risk of injury and under the circumstances, there was no objectively reasonable basis for the defendants' actions.

70. As a direct result of the Defendants' actions and inactions, Plaintiff's constitutional rights were violated, resulting in Plaintiff's injuries, and their actions were intended to cause injury to Plaintiff and was done in conscious disregard of Plaintiff's rights and safety and thus constitutes malice.

71. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

**FOURTH CLAIM**

**(Violation of Fourteenth Amendment Rights 42 U.S.C §1983 (*Unlawful Detention*)**

72. Plaintiff incorporates herein by reference the preceding paragraphs 1-71 of this complaint as fully set forth herein.

***Manner of Detention***

73. The Plaintiff was forced to be detained with her hands cuffed behind her back in extremely tight handcuffs for an hour, causing unspeakable pain.

74. That the Plaintiff was forced to be detained with her hands behind her back in tight fitting handcuffs for an hour, causing her unnecessary pain and suffering for a prolonged period of time.

75. The acts of Defendants constitute a violation of the Fourteenth Amendment to the Constitution of the United States.

76. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiff is entitled to recover punitive damages from the named Defendants Officers in an amount according to proof.

***Monell Claim Against City of Porterville***

***Illegal Entry***

77. It is alleged based on knowledge and belief that the City of Porterville has engaged in the act of committing illegal entry into residences of its citizens, regarding its police officers conducting warrantless, non-consensual entries into the residences of citizens, for the last 10

11

years and that the City has known of this practice and has ratified this conduct as an official custom or practice.

78. Plaintiff is informed and believes that the City of Porterville has sanctioned and ratified its officers' actions to engage in the conducting of unlawful entries into peoples' homes, including in this case; failed to train and supervise its officers properly to ensure they conduct their actions in accordance with state and federal law; and acted with deliberate indifference in failing to properly train its officers or to adopt policies necessary to prevent such constitutional violations. These violations are compensable pursuant to 42 U.S.C. § 1983.

***Unlawful Detention***

79. It is alleged based on knowledge and belief that the City of Porterville has engaged in the act of committing unlawful detentions of its citizens, regarding its Deputies conducting unreasonable, prolonged, painful detentions of its citizens for the last 10 years and that the City has known of this practice and has ratified this conduct as an official custom or practice.

80. Plaintiff is informed and believes that City of Porterville has sanctioned and ratified its officers' actions to engage in the conducting unlawful detentions, including in this case; failed to train and supervise its officers properly to ensure they conduct their actions in accordance with state and federal law; and acted with deliberate indifference in failing to properly train its officers or to adopt policies necessary to prevent such constitutional violations. These violations are compensable pursuant to 42 U.S.C. § 1983.

# FIFTH CLAIM

## (**BATTERY**)

81. Plaintiff incorporates herein by reference the preceding paragraphs 1-80 of this complaint as fully set forth herein.

82. That Defendant Martinez, acting under color of law and with Defendant Lara and DOES 1-50, as ***integral participants (aiding and abetting)***, used unreasonable and excessive force, committing a ***Battery*** by deliberately and intentionally (1) pushing the Plaintiff's back door open and knocking Plaintiff over with her baby in her arms. (2) grabbing Plaintiff by her feet with her infant in her arms and dragging Plaintiff fifteen feet across a concrete patio onto a woodchip area, severely injuring her back (3) putting extremely tight handcuffs on the Plaintiff's wrists, causing the Plaintiff unspeakable pain, and placing her in a patrol car for an hour with these tight-fitting handcuffs, causer her hands to throb, turn purple, become swollen and remain in pain for two weeks after the incident.

83. That at the time that these methods of force were used, (i) Plaintiff had not committed any crime; (ii) Plaintiff was unarmed; (iii) Plaintiff did not pose any threat to defendant officers or bystanders; and (iv) other alternative methods were available to effectuate a seizure.

84. Such actions were in conscious and reckless disregard of the risk of injury and under the circumstances, there was no objectively reasonable basis for the defendants' actions.

85. As a direct result of the Defendants' actions and inactions, Plaintiff's suffered injuries.

86. The conduct of Defendants as alleged, was intended to cause injury to Plaintiff and was done in conscious disregard of Plaintiff's rights and safety and thus constitutes malice.

87. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to

proof.

88. That because Defendants were acting as employees of the City of Porterville at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of the City of Porterville at the time of the incidents in question, the City of Porterville is liable to the Plaintiff for ***battery*** pursuant to California Government Code § 815.2.

## SIXTH CLAIM
### (*False Imprisonment*)

89. Plaintiff incorporates herein by reference the preceding paragraphs 1-88 of this complaint as fully set forth herein.

90. That Defendants Martinez, acting under color of law and with Lara and DOES 1-50 acting as integral participants (aiding and abetting) unlawfully seized the Plaintiff, causing her to become falsely imprisoned by deliberately and intentionally placing the Plaintiff under arrest.

91. That Plaintiff was arrested when she was grabbed and dragged by Defendant Martinez inside her home and was not free to leave, she was aware of her confinement, did not give her consent to be confined and there was no reasonable manner to prevent this confinement.

92. Plaintiff had not committed any crime;

93. No probable caused existed that the Plaintiff had committed any crime.

94. Defendants did not have an arrest warrant to arrest the Plaintiff inside her home.

95. Such actions were in conscious and reckless disregard of the risk of injury and under the circumstances, there was no objectively reasonable basis for the defendants' actions.

96. As a direct result of the Defendants' actions and inactions, Plaintiff suffered injuries.

97. The conduct of Defendants as alleged, was intended to cause injury to Plaintiff and was

14

done in conscious disregard of Plaintiff's rights and safety and thus constitutes malice.

98. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

99. That because Defendants were acting as employees of the City of Porterville at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of the City of Porterville at the time of the incidents in question, the City of Porterville is liable to the Plaintiff for *false imprisonment* pursuant to California Government Code § 815.2.

## SEVENTH CLAIM
### (BANE ACT VIOLATION – as to Defendants and DOES 1-50)

100.  Plaintiffs incorporate herein by reference the preceding paragraphs 1-99 of this complaint as though fully set forth herein. Plaintiff alleges:

101.  That Defendants interfered with Plaintiff's Fourth Amendment right to be free from the unlawful seizure of her person through the exercise of excessive force;

102. That upon observing Defendants using excessive force upon her person, the Plaintiff reasonably believed that if she exercised her right to be free from the unlawful use of excessive force upon her person, that Defendants would commit violence against her;

103. That Defendants injured the Plaintiff to prevent her from exercising these rights;

104. That Plaintiff was harmed because he suffered physical injuries, as well as severe emotional stress, as a result of the violent acts imposed on her by Defendants; and

105. Defendants' use of excessive force to prevent the Plaintiff from exercising her rights was a substantial factor in causing her harm.

15

## EIGHTH CLAIM
### (Negligence – as to Defendants and DOES 1-50)

106. Plaintiffs incorporate herein by reference the preceding paragraphs 1-105 of this complaint as though fully set forth herein.

107. That, by virtue of the foregoing, Defendants owed Plaintiff a duty of due care, and that this duty was breached by the Defendants' *committing a battery, false imprisonment as well as unlawful entry* into the Plaintiff's residence.

108. That, as a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial;

109. That Defendants are liable for all injuries caused by their acts, to the same extent as a private person pursuant to California Government Code Section 820(a);

110. That Defendants as public employees are not exonerated or immune from liability for negligence for causing the Plaintiff to suffer harm pursuant to California Government Code § 820.8;

111. That because Defendants were acting as employees of the City of Porterville at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of the City of Porterville at the time of the incidents in question, the City of Porterville is liable to the Plaintiff for *negligence* pursuant to California Government Code § 815.2.

16

## V. PRAYER FOR RELIEF

Plaintiffs pray for judgment against defendants as follows:

1. For compensatory damages and other special damages according to proof;

2. For general damages according to proof;

3. For punitive damages against all individual defendants according to proof;

4. The prejudgment interest at the legal rate according to proof;

5. For costs and reasonable attorneys' fees as provided by law; and

6. For such other relief as the Court may deem fit and proper.

## VI. JURY DEMAND

Plaintiffs demand a jury trial in this action.

LAW OFFICE OF STANLEY GOFF

Dated: May 2, 2022                    _____/s/ STANLEY GOFF_____
                                     STANLEY GOFF
                                     Attorney for Plaintiff

17