**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CECILIA CHAVEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PORTERVILLE, et al., <br><br> Defendants. | Case No.: 1:22-cv-00794-ADA-SKO <br><br> ORDER REQUIRING PLAINTIFFS TO SUBMIT SUPPLEMENTAL BRIEFING ON ADMINISTRATIVE MOTION FOR APPROVAL OF SETTLEMENT AND COMPROMISE OF MINOR PLAINTIFFS' CLAIMS <br><br> (Docs. 30 & 31) <br><br> FOURTEEN DAY DEADLINE |

On April 20, 2023, Plaintiffs E.P., N.C., A.H., and M.M. ("Minor Plaintiffs"), by and through their guardian *ad litem*, Cecilia Chavez (collectively, "Plaintiffs"), filed an unopposed Administrative Motion for Approval of Settlement and Compromise of Minor Plaintiffs' Claims (the "Motion"). (Docs. 30 & 31; *see also* Doc. 34.) The Court has identified certain deficiencies in the Motion, as filed, and thus shall order supplemental briefing.

    **A.**    **Legal Standard for Compromise of a Minor's Claim**

As a derivative of Federal Rule of Civil Procedure 17(c), district courts have a "special duty" "to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Rule 17(c) provides, in pertinent part, that a district court "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is

1

unrepresented in an action." Fed. R. Civ. P. 17(c).  "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'"  *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

Pursuant to Local Rule 202(b), "[n]o claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise."  Local Rule 202 specifies that the motion for approval of a proposed settlement of a minor shall be filed pursuant to Local Rule 230, and must disclose, among other things, the following:

> [T]he age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.  If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court.  The Court may also require the filing of experts' reports when none have previously been prepared or additional experts' reports if appropriate under the circumstances.  Reports protected by an evidentiary privilege may be submitted in a sealed condition to be reviewed only by the Court <u>in camera</u>, with notice of such submission to all parties.

L.R. 202(b)(2).

In addition, Local Rule 202(c) provides that:

> When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

Lastly, Local Rule 202 provides the following guidelines regarding disbursements of money to minors:

> **(e) Payment of Judgment**.  Whenever money or property is recovered on behalf of a minor or incompetent person, the money or property will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3)

2

>disbursed pursuant to such other order as the Court deems proper for the protection of the minor or incompetent person.
>
>**(f) Interim Disbursements**. Applications for orders authorizing interim disbursements shall be heard by the appropriate state court judge or by the assigned Magistrate Judge.  See L.R. 302(c)(14).  In the event of a hearing by a state court judge concerning interim disbursements, a copy of the order shall be filed with a copy to the Magistrate Judge and shall be reviewed by the Magistrate Judge in accordance with (b)(1).

L.R. 202(e)–(f).

In *Robidoux*, the Ninth Circuit instructed that district courts should "limit the scope of their review to the question [of] whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82.  "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id*. at 1182 (quoting *Dacanay*, 573 F.2d at 1078).

### B.    Deficiencies in the Motion

Here, the Motion does not contain sufficient information to enable the Court to determine whether, under *Robidoux* and Local Rule 202, the proposed compromise is "fair and reasonable." *See Robidoux*, 638 F.3d at 1181–82.

Specifically, the Motion fails to set forth three key categories of information identified in Local Rule 202(b)(2).  First, the Motion states that guardian *ad litem* Cecilia Chavez is the mother of Minor Plaintiffs, and that Plaintiff N.C. was nine months old at the time of the incident.  (*See* Doc. 30 at 2–3.)  The Motion, however, does not expressly disclose the age and sex of the other Minor Plaintiffs as required by Local Rule 202(b)(2).

Second, the Motion generally describes the facts and actors involved in the incident underlying this action, sets forth Minor Plaintiffs' proposed compromise figure of $200,000, and includes a breakdown of the allocation of the total settlement amount. (*See* Doc. 30 at 2–5.)  The Motion, however, does not tether that compromise amount to "the time, place and persons involved" or "the manner in which the compromise amount or other consideration was determined."  L.R. 202(b)(2); *see, e.g*.,

3

*Hughey v. Camacho*, No. 2:13-cv-02665-TLN-AC, 2019 WL 1208987, at *3 (E.D. Cal. Mar. 14, 2019). The supplemental briefing shall disclose the information identified above and required by Local Rule 202(b)(2).

Third, the Motion notes that the parties conducted "some discovery," consulted with an expert witness, engaged in mediation, and ultimately agreed to a settlement. (Doc. 30 at 4.) The Motion further states guardian *ad litem* Cecilia Chavez understands that if the proposed compromise is approved by the Court, Minor Plaintiffs will be permanently barred from seeking any further recovery, "even though [their] injuries and loss might in the future appear to be more serious than they are now thought to be." (Doc. 30 at 5.) To the extent that Minor Plaintiffs are alleging personal injury, the supplemental briefing shall set forth adequate information for the Court to determine whether the injuries are temporary or permanent and provide any report from the consulted expert if that was prepared, as specified by Local Rule 202(b)(2). *See, e.g., Vasquez v. Cty. of Stanislaus*, Case No. 1:19-cv-01610-AWI-SAB, 2021 WL 1734364, at *1 (E.D. Cal. Mar. 31, 2021).

Furthermore, the Motion does not describe the manner in which payment to Minor Plaintiffs will be disbursed. *See* L.R. 202(e)–(f). The supplemental briefing shall also address the disbursement of payments to Minor Plaintiffs. *See, e.g.*, *Dumas v. City of Elk Grove*, Case No. 2:09–cv–01573–GEB–JFM, 2012 WL 2116390, at *1 (E.D. Cal. June 6, 2012) (structuring payments to minors into fixed annuities in blocked accounts payable on eighteenth birthdays); *Parson v. City of Bakersfield*, Case No. 1:07-cv-01468 OWW DLB, 2009 WL 453118, at *2 (E.D. Cal. Feb. 23, 2009) (depositing payment to minor into insured account subject to withdrawal only upon authorization of the Court and reaching age of eighteen); *Lobaton v. City of San Diego*, Case No. 15-cv-1416 GPC (DHB), 2017 WL 2298474, at *3 (S.D. Cal. May 26, 2017) (settlement payment placed in blocked account for which minor's mother was to serve as trustee, with restriction that no sum could be withdrawn without court order).

Lastly, the Motion fails to provide case authority citing examples of recoveries in similar cases demonstrating the appropriateness of the settlement amount here as contemplated by *Robidoux*. *Robidoux*, 638 F.3d at 1181–82. The supplemental briefing shall set forth supporting authority showing

4

that the proposed compromise is fair and reasonable in light of recovery in analogous cases. *See, e.g., Vasquez*, 2021 WL 1734364, at *2.

### C. Order

Based on the foregoing, IT IS HEREBY ORDERED that within fourteen (14) days of the date of entry of this order, Plaintiffs shall file a supplemental briefing addressing the following issues identified above: (1) the age and sex of all the Minor Plaintiffs; (2) how the compromise amount is tethered to "the time, place and persons involved" or "the manner in which the compromise amount or other consideration was determined;" (3) whether the injuries sustained by Minor Plaintiffs are temporary or permanent and provide any report prepared by the consulted expert; (4) the manner in which payment of the settlement amount will be disbursed, such as whether the funds will be placed into a blocked account; and (5) case authority demonstrating the appropriateness of the settlement amount in view of analogous cases.

Upon receipt of the supplemental briefing, the undersigned shall prepare and submit findings and recommendations to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.

IT IS SO ORDERED.

Dated:  **May 10, 2023**              /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE

5