UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA CHAVEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PORTERVILLE, et al.,<br><br>Defendants. | Case No.: 1:22-cv-00794-ADA-SKO<br><br>FINDINGS AND RECOMMENDATIONS GRANTING ADMINISTRATIVE MOTION FOR APPROVAL OF SETTLEMENT AND COMPROMISE OF MINOR PLAINTIFFS' CLAIMS<br><br>(Docs. 30, 31, 37) |

## I. INTRODUCTION

On April 20, 2023, Plaintiffs E.P., N.C., A.H., and M.M. ("Minor Plaintiffs"), by and through their guardian *ad litem*, Cecilia Chavez ("Chavez") (collectively, "Plaintiffs"), filed an unopposed Administrative Motion for Approval of Settlement and Compromise of Minor Plaintiffs' Claims (the "Motion"). (Docs. 30 & 31; *see also* Doc. 34.) Because the Motion did not contain sufficient information for the Court to determine whether the proposed compromise was fair and reasonable, on May 10, 2023, the undersigned ordered Plaintiffs to submit additional briefing in support of their application. (Doc. 35.) On May 24, 2023, Plaintiffs filed a supplemental brief. (Doc. 37.)

For the reasons set forth below, the undersigned recommends that the Motion be granted and the proposed settlement be approved.

1

## II. BACKGROUND

On June 27, 2022, Chavez initiated this civil rights action against Defendants City of Porterville, Officer Martinez, and Officer Lara. (Doc. 1.) On November 2, 2022, Chavez filed a first amended complaint identifying her children, Minor Plaintiffs, and naming several other defendants. (Doc. 19 ("Compl").) On November 8, 2022, the Court appointed Chavez as the guardian *ad litem* for Minor Plaintiffs. (Doc. 25.)

The first amended complaint asserts 20 claims on behalf of Chavez and Minor Plaintiffs, including causes of action for excessive force, false arrest, and unlawful warrantless entry and search under the Fourth Amendment and 42 U.S.C. § 1983, as well as various state law claims. (*See* Compl. ¶¶ 55–208.) According to the operative pleading, on January 27, 2022, some or all of the named defendant officers contacted Chavez in pursuit of an individual reportedly associated with Plaintiffs. (*See* Compl. ¶¶ 17–20, 26, 28.) When Chavez indicated the person was not at her residence and refused to further discuss the matter, officers surrounded her home, threatened Chavez through the front door, and attempted to gain entry to the residence through the back patio door, which was locked. (Compl. ¶¶ 29–34.) To retrieve shoes for one of her children, Chavez opened the back patio door with her nine-month-old daughter, N.C., in her arms, and saw one of the officers running toward her with his firearm pointed at herself and N.C. (Compl. ¶¶ 35–36.) Chavez attempted to retreat back into the home and close the door, but defendant officers forced the door open, knocked Chavez to the ground with N.C. in her arms, grabbed Chavez by her feet, and dragged her several feet across a concrete patio onto a woodchip area, injuring her back. (Compl. ¶¶ 37–39.) The officers pulled N.C. out of Chavez's arms, put Chavez in handcuffs, and proceeded to enter and search her home without a warrant. (Compl. ¶¶ 40–42.) Chavez's three other children witnessed the incident, and officers did not permit Minor Plaintiffs to leave with their aunt who had come to take them away from the scene. (*See* Compl. ¶¶ 42–43, 51.) Chavez was incarcerated for four days, and no criminal charges were filed against her. (Compl. ¶ 49.)

On April 20, 2023, Plaintiffs filed the instant Motion as well as a Notice of Settlement. (*See* Docs. 30–32.) Defendants filed a statement of non-opposition to the Motion. (Doc. 34.) The Court

identified deficiencies in the Motion as filed (Doc. 35), and on May 24, 2023, Plaintiffs submitted supplemental briefing in support of the Motion (Doc. 37).

### III. DISCUSSION

#### A. Legal Standard for Compromise of a Minor's Claim

As a derivative of Federal Rule of Civil Procedure 17(c), district courts have a "special duty" "to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Rule 17(c) provides, in pertinent part, that a district court "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

Pursuant to Local Rule 202(b), "[n]o claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise." Local Rule 202 specifies that the motion for approval of a proposed settlement of a minor shall be filed pursuant to Local Rule 230, and must disclose, among other things, the following:

> [T]he age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent. If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court. The Court may also require the filing of experts' reports when none have previously been prepared or additional experts' reports if appropriate under the circumstances. Reports protected by an evidentiary privilege may be submitted in a sealed condition to be reviewed only by the Court in camera, with notice of such submission to all parties.

L.R. 202(b)(2).

In *Robidoux*, the Ninth Circuit instructed that district courts should "limit the scope of their review to the question [of] whether the net amount distributed to each minor plaintiff in the settlement

3

is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id*. at 1182.

        **B.**     **Terms of the Compromise Settlement**

According to the supplemental briefing, the parties completed "some discovery," retained a police practices expert, and obtained a Rule 26 report. (Doc. 37 at 4.) The parties engaged in mediation on March 31, 2023, and agreed to a settlement. (*Id*.) Defendants agreed to pay Plaintiffs $900,000 to cover all injuries arising from the claims asserted in the complaint, and Plaintiffs agreed to dismiss this action with prejudice. (*Id*.) The parties agreed that $700,000 of the settlement funds will be distributed to Chavez, the remaining $200,000 will be distributed to Minor Plaintiffs, and 25% of the total net recovery would be allocated for attorney's fees. (*Id*. at 4–5.)

The proposed distribution of the $200,000 to Minor Plaintiffs is as follows:

1. N.C., a female child who was nine months old at the time of the incident, would receive $100,001.00 minus 25% attorney's fees, resulting in a total of $75,000.75.
2. A.H., a female child who was five years old at the time of the incident, would receive $33,333.00 minus 25% attorney's fees, resulting in a total of $24,999.75.
3. E.P., a male child who was four years old at the time of the incident, would receive $33,333.00 minus 25% attorney's fees, resulting in a total of $24,999.75.
4. M.M., a male child who was fourteen years old at the time of the incident, would receive $33,333.00 minus 25% attorney's fees, resulting in a total of $24,999.75.

(*See* Doc. 37 at 2, 5–6.) Thus, the total attorney's fees derived from Minor Plaintiffs' $200,000 settlement award is $50,000, and Minor Plaintiffs' total net recovery is $150,000. (*Id*. at 6.)

The supplemental briefing further provides that "[e]ach child will have their settlement award deposited into a blocked account for which their mother will serve as trustee, with the express restriction that no sum can be withdrawn without court order, until the child becomes eighteen years old." (Doc.

4

37 at 6.) Plaintiffs also indicate in the supplemental briefing that Minor Plaintiffs did not suffer any permanent physical or mental injuries stemming from this incident. (*Id*. at 5–6.) The supplemental briefing further explains that Chavez, as the guardian *ad litem*, fully understands that if the proposed compromise is approved, Minor Plaintiffs will forever be barred from seeking any further recovery, even though their injuries may appear more serious in the future. (*Id*. at 7.) Nonetheless, in the supplemental briefing, Chavez recommends that the compromise settlement and proposed distribution is "fair, reasonable, and in the best interests of [Minor] Plaintiffs." (*Id*.)

Lastly, the supplemental briefing identifies a number of prior cases with similar manners of disbursement and recoveries. (*See* Doc. 37 at 6–7 (citing *Watson v. City of San Jose*, 800 F.3d 1135, 1137–38 (9th Cir. 2015); *Lobaton v. City of San Diego*, No. 15-cv-1416 GPC (DHB), 2017 WL 2298474, at *3 (S.D. Cal. May 26, 2017); *Parson v. City of Bakersfield*, No. 1:07-cv-01468 OWW DLB, 2009 WL 453118, at *2 (E.D. Cal. Feb. 23, 2009)).)

### C. The Reasonableness and Fairness of the Settlement Amount

Based upon a review of the Motion and supplemental briefing, the undersigned finds that Plaintiffs have adequately met the procedural requirements of Local Rule 202. *See, e.g*., *Hughey v. Camacho*, No. 2:13-cv-02665-TLN-AC, 2019 WL 1208987, at *3 (E.D. Cal. Mar. 14, 2019). Given the information from the supplemental briefing summarized above, the underlying facts contained in the operative complaint, the case law summarized below approving settlements in similar actions, and the record in this case, the undersigned recommends approving the application for the settlement and compromise of Minor Plaintiffs' claims.

Specifically, the supplemental briefing and operative complaint set forth the requisite information under Local Rule 202(b)(2) and *Robidoux*. The supplemental briefing identifies the ages and genders of Minor Plaintiffs, as well as the nature of the civil rights causes of action to be settled. (*See* Doc. 37 at 2–6.) The supplemental briefing and the operative complaint also describe the facts and circumstances out of which the causes of action arose, including the time, place and persons involved in the incident at issue in this case. (*See* Compl. ¶¶ 17–20, 26, 28–43, 49, 51; Doc. 37 at 2–4.) The supplemental briefing further provides that the compromise amount was determined pursuant to

5

mediation after the parties had engaged in "some discovery" and retained a police practices expert. (*See* Doc. 37 at 4.) Finally, the supplemental briefing notes that Minor Plaintiffs did not suffer any permanent physical or mental injuries. (*Id*. at 5–6.)

Furthermore, Chavez, as appointed guardian *ad litem*, is fully competent to understand and protect the rights of Minor Plaintiffs and is familiar with this case. (*See* Docs. 23–25.) Chavez characterizes the proposed settlement and distribution as "fair, reasonable, and in the best interests of [Minor] Plaintiffs" (Doc. 37 at 7). *See also Nunes v. Cty. of Stanislaus*, No. 1:17-cv-00633-DAD-SAB, 2022 WL 174492, at *4 (E.D. Cal. May 31, 2022). And, the apportionment of the proposed settlement is appropriately tethered to the facts underlying this action. *See* L.R. 202(b)(2). Namely, the proposed settlement properly apportions a larger percentage of the funds to N.C. compared to the other three minor plaintiffs "[b]ased on the level of force and related trauma brought on to N.C." (Doc. 37 at 5.)

In addition, "the factual challenges in this case made trial a risky proposition." *J.G. v. City of Arvin*, No. 1:20-cv-00941-JLT-CDB, 2022 WL 17547525, at *2 (E.D. Cal. Dec. 9, 2022); *see id*. ("There was also a lack of direct evidence that could assist Plaintiffs with proving liability as there was no available video of the shooting itself and there were no likely witnesses that were favorable to Plaintiff as the only individuals who witnessed the shootings were the same officers who allege they were attacked by the decedent."). Settling the case at this stage of the litigation allows for certainty of recovery for Minor Plaintiffs, as opposed to the uncertainty associated with dispositive motions or an unfavorable verdict at trial, particularly given the claims and facts underlying this action. *See, e.g.*, *Vasquez v. Cty. of Stanislaus*, Case No. 1:19-cv-01610-AWI-SAB, 2021 WL 1734364, at *6 (E.D. Cal. Mar. 31, 2021) (alleging nearly identical federal and state law claims against police officers); *M.S. v. United States*, No. 1:19-cv-00728-AWI-SKO, 2020 WL 526102, at *4 (E.D. Cal. Feb. 3, 2020). The undersigned has also examined at least three cases with similar factual allegations and finds that the recovery to Minor Plaintiffs in this case is commensurate with the minor's compromises that were approved in those cases. *See, e.g.*, *Parson*, 2009 WL 453118, at *1–2 (approving a net recovery of $3,750 for claims alleging that the minor plaintiff realized his father had been shot and suffered emotional distress, "but ha[d] since recovered"); *Lobaton*, 2017 WL 2298474, at *1, 3 (approving a net

recovery of $10,000 for claims alleging that the minor plaintiff suffered modest emotional injuries upon witnessing police officers physically assault and injure the minor's mother and her adult son, but had recovered fully from the emotional injuries in under a year); *Vasquez*, 2021 WL 1734364, at *4–7 (approving a net recovery of $7,500 for claims alleging that the minor plaintiff witnessed excessive force against his father and suffered emotional distress, but ultimately sustained no permanent injuries).

Moreover, attorney's fees in the amount of twenty-five percent (25%) are the typical benchmark in contingency cases for minors in the Eastern District of California. *Vasquez*, 2021 WL 1734364, at *7. While the amount of attorney's fees is a consideration independent of whether the settlement amount is fair and reasonable, *Robidoux*, 638 F.3d at 1181–82, the undersigned observes that the attorney's fees to be deducted from Minor Plaintiffs' settlement funds in this case are at the benchmark of 25% (*see* Doc. 37 at 5). *Vasquez*, 2021 WL 1734364, at *7. In sum, given the risks of recovery for Plaintiffs in this case, the foregoing examples demonstrate that the proposed compromise and settlement is commensurate with similar excessive force actions. *See also J.G.*, 2022 WL 17547525, at *2–3; *Nunes*, 2022 WL 174492, at *4–5.

For the reasons explained above and considering the totality of the facts and circumstances of this case, the undersigned finds the proposed settlement is fair, reasonable, and in the best interests of Minor Plaintiffs. *See Robidoux*, 638 F.3d at 1181–82.

## IV. FINDINGS AND RECOMMENDATIONS

Based upon the foregoing, it is hereby RECOMMENDED:

1. Plaintiffs' Motion (Docs. 30 & 31) be GRANTED;

2. The proposed settlement between Minor Plaintiffs and Defendants apportioning $200,000 of the $900,000 total settlement fund to Minor Plaintiffs as set forth herein be APPROVED as fair and reasonable;

3. Attorney's fees in the sum of $50,000 (25%) to be deducted from Minor Plaintiffs' settlement fund be GRANTED; and

7

4. Minor Plaintiffs' net recovery after deduction of attorney's fees is $150,000, and the settlement award for each child SHALL be deposited into a blocked account for which Chavez will serve as trustee, with the restriction that no sum can be withdrawn without court order until the child becomes eighteen years old.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case pursuant to 28 U.S.C. § 636(b)(l)(B) and this Court's Local Rule 304. **Within fourteen (14) days after being served with these Findings and Recommendations**, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 14, 2023**                          /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE